PANISH SHEA & BOYLE LLP
ADAM SHEA, State Bar No. 166800
  *shea@psblaw.com*
PATRICK GUNNING, State Bar No. 280457
  *gunning@psblaw.com*
RYAN CASEY, State Bar No. 271865
  *casey@psblaw.com*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

SHOOP | A PROFESSIONAL LAW CORPORATION
David R. Shoop, Esq. (SBN 220576)
  *david.shoop@shooplaw.com*
8383 Wilshire Boulevard, Suite 840
Beverly Hills, California 90211
Telephone: (323) 655-6200
Facsimile:  (323) 655-2901

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COUR

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHAUNA PENN**, an Individual; and **JONATHAN PENN,** an Individual<br><br>Plaintiffs,<br><br>vs.<br><br>**AMAZON.COM, INC., D/B/A AMAZON.COM**, a Washington Corporation; **AMERICAN INTERNATIONAL INDUSTRIES, A CALIFORNIA BUSINESS ENTITY**; AND DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:17-CV-02682 SVW (PLAx)<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Declaration of Ryan A. Casey; Exhibits 1-3 filed concurrently herewith; and Proposed Order lodged concurrently herewith]* |

/ / /

/ / /

/ / /

/ / /

/ / /

**TO JUDGE STEPHEN V. WILSON AND TO DEFENDANTS AMAZON.COM, INC., D/B/A AMAZON.COM**, a Washington corporation; **AMERICAN INTERNATIONAL INDUSTRIES**, a California business entity; and DOES 1-100, inclusive,

**PLEASE TAKE NOTICE** that on June 5, 2017, at 1:30 p.m., in Courtroom 10A, or as soon thereafter as the matter may be heard in the above-entitled Court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs SHAUNA PENN and JONATHAN PENN (hereinafter "Plaintiffs") will and hereby do respectfully move this Court for an order remanding this case to the state court whence it originated.

Pursuant to L.R. 7-3, Plaintiffs' counsel contacted Defendant AMAZON.COM, INC.'S counsel in an effort to meet and confer regarding this motion by email on April 14, 2017. Please see the *Declaration of Ryan A. Casey* pursuant to United States District Court, Local rules, and in support of Motion for Remand, filed concurrently herewith and in support hereof.

The motion is made on the grounds that:

1. While Plaintiffs were in the process of effectuating service on all defendants, on April 7, 2017, Defendant Amazon filed a Notice of Removal of Action under 28 U.S.C. § 1441(a) based on diversity of citizenship under 28 U.S.C. § 1332.

2. As alleged in Plaintiffs' complaint, the citizenships of each party are as follows: Plaintiffs are citizens of Texas, Defendant Amazon is a Delaware corporation with its principal place of business in Washington, and Defendant AII is a general partnership located in California.

3. The forum defendant rule as codified in 28 U.S.C 1441(b) prohibits removal when a defendant who has been properly joined and *served* resides in the forum state, California here. Defendant AII is a citizen of California—a fact which Amazon acknowledged in paragraph 5(b) of its Notice of Removal. Given defense

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

counsel's knowledge of federal practice and procedure, it can only be concluded that Amazon has attempted to exploit a loophole in 1441(b) by monitoring the state court docket and removing the present action before any party has been served. This act of gamesmanship has been expressly addressed and dismissed by California district courts as it undermines the purpose of 1441(b) and encourages a race among plaintiffs to effectuate service immediately after filing the complaint. Accordingly, this matter must be remanded to state court.

This motion is based upon the instant notice of motion and motion, the accompanying memorandum of points and authorities in support thereof, the Declaration of Ryan A. Casey, all matters of which judicial notice may be taken; all pleadings, records, and files in this action; and any oral or written evidence or argument that the court may consider.

DATED: May 1, 2017                    PANISH SHEA & BOYLE LLP

                                      By: /s/ Ryan A. Casey
                                      ──────────────────────────
                                      Ryan A. Casey
                                      Attorneys for Plaintiff

2
NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & FACTUAL BACKGROUND

On March 21, 2017, Plaintiffs filed this action against Defendants Amazon.Com, Inc. ("Amazon") and Defendant American International Industries ("AII") in California state court alleging causes of action for Negligence, Strict Liability, and Breach of Implied Warranty. Plaintiffs allege that, on March 26, 2015, Plaintiff Shauna Penn used a callus remover manufactured by a California company, Defendant American International Industries, and distributed and sold by Defendant Amazon.Com, Inc., which caused her fourth degree chemical burns and required a 12-day hospitalization in a burn unit, multiple surgeries and skin grafting. Plaintiff Shauna Penn's husband, Jonathan Penn, makes a claim for loss of consortium.

As alleged, Plaintiffs are citizens of Texas, Defendant Amazon is a Delaware corporation with its principal place of business in Washington, and Defendant AII is a general partnership located in California. On April 7, 2017, prior to Plaintiffs having served any entities in the action, Defendant Amazon removed the action to this federal Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. At the time of removal, Plaintiffs were in the process of serving the defendant entities. Subsequent to removal, on April 20, 2017, Plaintiffs served the local California defendant AII at its principal place of business located at 2220 Gaspar Avenue, Commerce, California 90040. (See *Declaration of Ryan A. Casey*, paragraph 5, Exhibit 2.)

As set forth more fully below, the present action should be remanded to state court, because Defendant's removal was not in good faith and disregards the forum defendant rule. The forum defendant rule is codified under 28 U.S.C 1441(b) and prohibits removal when a defendant who has been properly joined and *served* resides in the forum state, California here. Defendant AII is a citizen of California—a fact which Amazon acknowledged in paragraph 5(b) of its Notice of Removal. Given defense counsel's knowledge of federal practice and procedure, it can only be

1 concluded that Amazon has attempted to exploit a loophole in 1441(b) by
2 monitoring the state court docket and removing the present action before any party
3 has been served. This act of gamesmanship has been expressly addressed and
4 dismissed by California district courts as it undermines the purpose of 1441(b) and
5 encourages a race among plaintiffs to effectuate service immediately after filing the
6 complaint. Accordingly, this matter should be remanded to state court.

7 Prior to filing the instant motion, Plaintiffs met and conferred with Defendant
8 Amazon but received no response. On April 14, 2017, Plaintiffs emailed Counsel
9 for Defendant Amazon, Julie Hussey, to discuss filing the instant motion and resolve
10 the issue of removal without court intervention. Ms. Hussey did not respond to
11 Plaintiffs' meet and confer efforts and thus the instant Motion was necessary. (See
12 *Declaration of Ryan A. Casey*, paragraph 4, **Exhibits 1, 2**.)

## II. LEGAL ARGUMENT

### A. The Court Has Independent Authority to Remand the Instant Case

If at any time before final judgment it appears that the court lacks subject matter jurisdiction, the court may remand the case to state court either *sua sponte* or on motion of a party. Remand may be ordered either for lack of subject matter jurisdiction or for "**any defect in removal procedure.**" (28 U.S.C. § 1447 (c), see also *Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993).)

Even if no objection is made to remove or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits (even if the merits could be readily resolved). (See *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 41 0-411 (11th Cir. 1999) - error to rule on plaintiff's right to dismiss removed case before determining existence of removal jurisdiction. (*Valdez v. Allstate Ins. Co.*, 372 F3d 1115, 1116 (9th Cir. 2004).)

/ / /

Finally, the party seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. Federal courts have "original jurisdiction" over a matter in two instances: (1) where there is complete diversity between the parties and the amount in controversy exceeds $75,000; or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332. The defendant also has the burden of showing that it has complied with the procedural requirements for removal. (*California ex re I. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).)

### B.  Remand Is Warranted Pursuant to the Forum Defendant Rule

Under the "forum defendant rule," a diversity action "may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2)  The theory behind this rule is that a defendant will not be subject to unfair prejudice by a state court if they are a citizen of that state. Thus, when there are multiple defendants in a case, if just one is a citizen of the state where the lawsuit was filed, a plaintiff can successfully object to removal if the only basis for federal jurisdiction is diversity of citizenship. *Caterpillar, Inc. v. Lewis*, (1996) 519 U.S. 61. It does not matter whether or not the defendants have physically been served with process; these limitations upon removal apply once the complaint has been filed. See *Standing v. Watson Pharmaceuticals, Inc*. (2009 C.D. Cal.) WL 842211.

In *Standing v. Watson Pharmaceuticals, Inc.*, a California District Court held that removal by a non-forum defendant, where no defendants had yet been served, was improper because it undermined the purpose of Section 1441(b) and deprived the plaintiffs of a meaningful opportunity to effectuate service. In *Standing,* two Colorado-based plaintiffs filed a state court complaint in California where one of the defendants had its principal place of business. Before the plaintiffs effectuated service on any of the parties, one of the defendants removed the action to federal

NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

court, arguing that removal was proper because none of the local, forum defendants had been served with the complaint. It was the defendants' position that section 1441(b) should be read literally and should only prohibit removal when a defendant, who has been properly joined *and served,* resided in the forum state. The Court dismissed the defendants' arguments as a type of gamesmanship and stated that such a literal interpretation of Section 1441(b) would undermine the entire purpose of the forum defendant rule:

> "*At a minimum, this Court finds that a plain meaning interpretation of the statute produces unreasonable results at variance with the policy of the legislation as a whole. The purpose of the statute is to prevent gamesmanship by plaintiffs and should not allow for a similar gamesmanship by defendants. Further, as stated above, 'the result of blindly applying the plain "properly joint and served" language of section 1441 (b) is to eviscerate the purpose of the forum defendant rule,' as defendants could effectively always prevent imposition of the forum defendant rule by monitoring state dockets and removing an action before a plaintiff can serve any party."*

Other California district courts have similarly concluded that pre-service removal does not act as an exception to the forum defendant rule. See *Marsh v. Monster Beverage Corp*., (C.D. Cal. Jan. 2016) in Case No. ED CV 15-2205-GHK (KKx) (holding that California-based Defendants evaded the purpose of the forum rule by removing an action to California federal court before every defendant was served); *Khashan v. Ghaesmi,* 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010) (remanding case after non-forum defendant removed the action prior to any defendant being served); *Mass. Mut. Life Ins. Co. v. Mozilo*, 2012 WL 11047336 at *1 (C.D. Cal. June 2012) (embracing holdings in *Khasan, Stone,* and *Standing,* and remanding action after California based defendants removed the action before they were served.)

The facts here are nearly identical to the cases above. Defendant Amazon has exhibited the same type of gamesmanship as the defendants in *Standing* by

removing the instant matter to federal court while plaintiffs were still in the process of locating and serving both defendants. At the time of removal, Amazon was aware that Defendant AII was a citizen of California, and acknowledged this fact in paragraph 5(b) of its Notice of Removal. Thus, it can only be concluded that Defendant Amazon was monitoring the state court's docket in a calculated attempt to remove the action before any party had been served so that they could sidestep the requirements of 1441(b). Since this tactic would result in forum shopping and gamesmanship based on Plaintiffs' speed of service, it should be prohibited, and the instant motion should be remanded.

    For all the foregoing reasons, Plaintiffs request that the Court grant the instant motion and order this action remanded to the Superior Court of the State of California.

### III. CONCLUSION

    Since case authority clearly establishes that the forum defendant rule applies regardless of whether or not a forum defendant has been served, Plaintiffs respectfully request that this Court issue an order remanding this matter back to the Superior Court in the County of Los Angeles, Central District, wherein the action was originally filed.

DATED: May 1, 2017          Respectfully submitted,

                              PANISH SHEA & BOYLE LLP

                              By:    /s/ Ryan A. Casey
                                   Ryan A. Casey
                                   Attorneys for Plaintiffs

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025.

On May 1, 2017, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL ON DEFENDANT AII and its agent for service of process:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Panish Shea & Boyle LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING ON CO-COUNSEL FOR PLAINTIFF AND COUNSEL FOR DEFENDANT AMAZON.COM:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 1, 2017, at Los Angeles, California.

/s/ Kira R. McCoy
Kira R. McCoy

NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**SERVICE LIST**
**PENN v. AMAZON, et al.**
**Case No. 2:17-CV-02682SVW (PLAx)**

| | |
|---|---|
| Julie L. Hussey<br>Max L. Rothman<br>Perkins Coie, LLP<br>11988 El Camino Real, Suite 350<br>San Diego, CA 92130-2594<br>Tel: (858) 720-5700;<br>Fax: (858) 720-5799<br>Emails: JHussey@perkinscoie.com;<br>MRothman@perkinscoie.com<br>Attorneys for Defendant<br>AMAZON.COM, INC. | David R. Shoop<br>Shoop \| A Professional Law Corporation<br>8383 Wilshire Boulevard, Suite 840<br>Beverly Hills, California 90211<br>Tel:: (323) 655-6200;<br>Fax: (323) 655-2901<br>Email: david.shoop@shooplaw.com<br>Attorneys for Plaintiffs (Co-counsel) |
| American International Industries<br>2220 Gaspar Avenue<br>Commerce, CA 90040<br>Defendant AMERICAN INTERNATIONAL INDUSTRIES | David Eisenstein<br>Agent for Service of Process for American International Industries<br>344 Valley Vista Drive<br>Camarillo, CA 93010 |

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF