# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-02682-SVW-PLA | Date | May 24, 2017 |
| Title | *Shauna Penn, et al. v. Amazon.com, Inc., et al.* | | |

## JS-6

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [14]

Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for June 5, 2017 at 1:30 p.m. is VACATED and OFF CALENDAR.

### I.   INTRODUCTION

Plaintiffs Shauna and Jonathan Penn ("Plaintiffs") bring this case against Defendants Amazon.Com, Inc. ("Amazon"), and American International Industries ("AII", collectively "Defendants"). Plaintiffs allege, *inter alia*, a products liability claim arising from Shauna Penn's injury while using a callus remover manufactured by AII and sold and distributed by Amazon. On April 7, 2017, Amazon removed this action to federal court based on diversity jurisdiction. On May 1, 2017, Plaintiffs filed a motion for remand. For the following reasons, the motion is GRANTED.

### II.   BACKGROUND

On March 21, 2017, Plaintiffs filed this action in California state court. The parties do not dispute that diversity of citizenship exists between all parties and the amount in controversy is over $75,000. Thus, the Court has diversity jurisdiction over the case. *See* 28 U.S.C. § 1332. It is also undisputed that AII is a resident of California. Further, 28 U.S.C. § 1441(b)(2) prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [an] action is brought."

                                                                                                     :
Initials of Preparer

                                                                                            PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-02682-SVW-PLA | Date | May 24, 2017 |
|---|---|---|---|
| Title | *Shauna Penn, et al. v. Amazon.com, Inc., et al.* | | |

On April 7, 2017, Amazon removed the case to federal court. At this point, neither defendant had been served. On April 20, 2017, Plaintiffs served AII—the forum defendant.

### III.  LEGAL STANDARDS

The district court may remand a case for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). In light of the "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). We "strictly construe the removal statute against removal jurisdiction," *id.*, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1447(c).

### IV.  DISCUSSION

There is no dispute that the plain language of § 1441(b)(2) did not prohibit Amazon from removing the case. That section prohibits removal when a forum defendant is "properly joined *and served*". *Id.* (emphasis added). When amazon removed the case there was no forum defendant served at the time.

Plaintiffs argue that the Court should not follow the plain language of § 1441(b)(2). Essentially, their argument is that when Congress enacted § 1441(b)(2) the technology did not exist for corporate defendants to monitor state dockets and identify cases in which they have been named, but not served. This technology allows defendants to remove cases that would otherwise not be removable after service of process is complete. This concern is "far from academic." *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 555 (S.D. W. Va. 2015) (finding "substantial evidence that sophisticated defendants monitor court dockets for the chance to hastily remove new complaints."). Plaintiffs argue that even though Amazon's removal conformed to the plain language of the statute, it produces an "unreasonable result[] at variance with the policy of the legislation as a whole." *See Standing v. Watson Pharm., Inc.*, No. CV09-0527 DOC(ANX), 2009 WL 842211, at *4 (C.D. Cal. Mar. 26, 2009).

District courts are split on this issue and there is no authority from the Ninth Circuit. Though almost all district courts have found the plain language of § 1441(b)(2) allows removal before a forum-defendant is served, some district courts find that adherence to the plain language would lead to an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-02682-SVW-PLA | Date | May 24, 2017 |
|---|---|---|---|
| Title | *Shauna Penn, et al. v. Amazon.com, Inc., et al.* | | |

absurd result, and thus depart from the plain language. *See Standing*, 2009 WL 842211, at *2–5 (finding that removal one day after the case was filed was an unreasonable result and thus departing from the plain language of § 1441(b)(2)). These courts "look past a literal reading of the statute, determine that a blind application of the plain meaning of Section 1441(b)(2) is contrary to legislative intent or produces absurd results." *Phillips Constr., LLC*, 93 F. Supp. 3d at 552. "[T]he emerging trend seems in favor of disallowing pre-service removal." *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1245 (E.D. Mo. 2012).[1]

This Court is convinced by the cases finding that removal in this situation "produces unreasonable results at variance with the policy of the legislation as a whole." *Standing*, 2009 WL 842211, at *4; *cf. City of Ann Arbor Employees' Retirement System v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007) (declining to follow the plain language of § 1441(b)(2) because "[a] court 'look[s] beyond the express language of a statute where a literal interpretation would thwart the purpose of the overall statutory scheme or lead to an absurd or futile result.'") (citing *Albertson's, Inc. v. Commissioner of Internal Revenue*, 42 F.3d 537, 545 (9th Cir.1994)). The requirement for a forum-defendant to be "properly joined and served" is intended "as an effort to prevent gamesmanship by plaintiffs." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (citing *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 643 (D.N.J. 2008)). This requirement prevents a plaintiff from preventing removal by joining a forum-defendant whom the plaintiff has no intent to proceed against, or even serve. *See id*. A literal reading of § 1441(b)(2) would paradoxically allow *defendant* to engage in their own gamesmanship "by racing to remove newly filed actions." *Phillips Constr., LLC*, 93 F. Supp. 3d at 555. This result is clearly at odds with Congress's intent to eliminate gamesmanship. *See id*.

Amazon argues that their removal in this case, seventeen days after the complaint was filed, shows that they did not engage in gamesmanship since a reasonable time passed in which Plaintiff could have served AII. This argument misses the point. The "contention that removability should depend on the timing of service of process is absurd on its face." *Sullivan*, 575 F. Supp. 2d at 645–46. Adopting Amazon's argument may limit gamesmanship, but not abolish it. Instead of removing a day after a case is filed, savvy defendants would purposefully wait before removing the case in order to argue the timing of

---

[1] The Court notes that this sentiment was written in 2012, and since then the trend overwhelmingly continues to disallow pre-service removal. *See Phillips Constr., LLC*, 93 F. Supp. 3d at 552; *see, e.g.*, *Marsh v. Monster Bev. Corp.*, No. ED CV 15-2205-GHK (KKx), 2016 U.S. Dist. LEXIS 771, at *13 (C.D. Cal. Jan. 4, 2016) (disallowing pre-service removal).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-02682-SVW-PLA | Date | May 24, 2017 |
|---|---|---|---|
| Title | *Shauna Penn, et al. v. Amazon.com, Inc., et al.* | | |

removal allowed Plaintiff a reasonable opportunity to effectuate service. The Court will not adopt a standard that simply allows for more cunning gamesmanship (that nonetheless runs counter to Congress's intent in adopting § 1441(b)(2)). *Cf. Phillips Constr.*, 93 F. Supp. 3d at 546 (remanding case even though defendants removed case over thirty days after complaint was filed).

## V.   CONCLUSION

The Court reiterates that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090. The Court does not doubt its interpretation of § 1441(b)(2), but notes that to the extent the law is unsettled, the Court must err on the side of remand. For the foregoing reasons, the Court GRANTS the motion and REMANDS the case back to Los Angeles County Superior Court.

Initials of Preparer

PMC